Exhibit 3 to Affidavit of John J. Wall, III

STATE OF MAINE  
CUMBERLAND, ss.

SUPERIOR COURT  
Docket No. CV-20-455

**WILLIAM DONAHUE and PATRICK DONAHUE** each of Town of Scarborough, Cumberland County, State of Maine and **WJDEND, LLC d/b/a FIVE STAR AUTO SALES, LLC** of City of Biddeford, York County, State of Maine

    Plaintiffs,

v.

**CITY OF BIDDEFORD, BIDDEFORD POLICE DEPARTMENT** and **OFFICER VICTOR PARKER, OFFICER SHAWN CLOUTIER,** And **CHIEF ROGER BEAUPPRE,** all of City of Biddeford, York County, State of Maine

    Defendants.

**COMPLAINT**

## NATURE OF ACTION

1. Plaintiffs complain and seek to recover damages from the Defendants, joint and several, for inter alia: 1) Defamation; 2) False Light; 3) Business Disparagement/Defamation; 4) Intentional Infliction of Emotional Distress; 5) Negligent Infliction of Emotional Distress; 6) 5 MRSA § 4682 Maine Civil Rights Act Violations; and 7) 42 USC § 1983 Federal Civil Rights Act Violations.

## PARTIES, JURISDICTION, VENUE

2. Plaintiffs William Donahue ("William") is a resident and citizen of Scarborough, Cumberland County, Maine.

3. Plaintiffs Patrick Donahue ("Patrick") is a resident and citizen of Scarborough, Cumberland County, Maine.

Exhibit 3 to Affidavit of John J. Wall, III

4. Plaintiffs WJDEND, LLC is a registered Maine Limited Liability Company doing business as Five Star Auto Sales ("Five Star"), with principal place of business in Biddeford, York County, Maine. Plaintiffs William Donahue and Patrick Donahue own and/or operate Five Star Auto Sales.
5. Defendant City of Biddeford is a Maine municipality located in Biddeford, York County, Maine. City of Biddeford operates and is responsible for the Biddeford Police Department.
6. Defendant Victor Parker is an individual citizen of Maine and officer employee of the Biddeford Police Department.
7. Defendant Shawn Cloutier is an individual citizen of Maine and officer employee of the Biddeford Police Department.
8. Defendant Roger Beauppre is an individual citizen of Maine and Chief of the Biddeford Police Department.
9. At all times relevant, Defendants acted joint and several, under color of law, to deprive Plaintiffs of rights, privileges and/or immunities secured by the Constitution of Maine and the United States and the laws of Maine and the United States.
10. Prior to suit, Plaintiffs served on Defendants a Notice of Claim.
11. Venue and jurisdiction are proper in Cumberland County, Maine, because it's where two of the Plaintiffs reside and where the claims, in part, impacted.

## STATEMENT OF CASE

12. This is a civil action under common law and various State and Federal laws and statutes, including 42 USC 1983 and 5 MRSA 4682, seeking damages against Defendants for wrongful acts committed under color law with the intent and purpose of injuring Plaintiffs and depriving Plaintiffs of rights secured under the Constitution and laws of the United States and Maine.
13. Plaintiffs individually and collectively own and operate an automobile dealership named Five Star Auto located in Biddeford, Maine.
14. In or about November or December 2018, Defendants Parker and/or Cloutier, while purporting to act in capacities as officers of the Biddeford Police Department, falsely, recklessly, negligently, maliciously and wrongfully per se defamed and injured Plaintiffs in their profession, occupation or trade by, among other things, communicating to

Exhibit 3 to Affidavit of John J. Wall, III

Mirjana Cloutier, and others, that Claimants are drug dealers and their business a front for drug dealing and that said person(s) should stay away from Plaintiffs.

15. In or about November or December 2018, Defendants Parker and/or Cloutier while purporting to act in capacities as officers of the Biddeford Police Department, falsely, recklessly, negligently, maliciously and wrongfully per se defamed and injured Plaintiffs in their profession, occupation or trade by, among other things, communicating to Randy Nelson and others that Plaintiffs are dishonest and that said person(s) should stay away from and not do business with Plaintiffs.
16. The aforesaid communications were not privileged and are per se defamatory and actionable.
17. The aforesaid unprivileged per se defamatory communications were made by Defendants Parker and Cloutier in their capacities as Biddeford Police officers and in their individual capacities.
18. Defendants City of Biddeford and Beauppre have supervisory responsibilities and authorities over Defendants Parker and Cloutier and are liable for the conduct of the Defendants Parker and Cloutier based upon doctrines of Respondent Superior and vicarious liability.
19. Respondents, acting jointly and severally, acted tortious and denied Plaintiffs' their civil and constitutional rights by, inter alia, per se defaming and injuring Plaintiffs individually and in their occupation and trade.
20. The wrongful per se defamatory acts were in violation of the United States Constitution, the Bill of Rights, the Maine Constitution, and various Federal and State statutes and common law.
21. Plaintiffs, and each of them, were injured and suffered damages, including emotional injuries and injury to reputation, and to business and financial interests, and the defamation meets the elements of per se and therefore damages are presumed.

## COUNT I—VIOLATIONS OF THE FOURTEENTH AMENDMENT AND 42 U.S.C. § 1983 v. ALL DEFENDANTS

22. Plaintiffs hereby incorporate all other paragraphs of this Complaint as if fully set forth herein.

Exhibit 3 to Affidavit of John J. Wall, III

23. Plaintiffs in this action are citizens of the United States and all of the Defendant police officers to this claim are persons for purposes of 42 U.S.C. § 1983.
24. All Defendants to this claim, at all times relevant hereto, were acting under the color of state law in their capacities as Biddeford police officers and their acts or omissions were conducted within the scope of their official duties or employment.
25. Plaintiffs had clearly established constitutional rights under the Fourteenth Amendment.
26. Plaintiffs had clearly established Constitutional rights to be free of false and malicious labeling as criminals and to engage in and conduct business without wrongful defamation and interference by Defendants.
27. Any reasonable police official knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.
28. Defendants' actions, as described herein, were objectively unreasonable in light of the facts and circumstances confronting them and violated Plaintiffs' Constitutional rights.
29. Defendants' actions, as described herein, were malicious and/or involved reckless, callous, deliberate indifference or negligence to Plaintiffs' federally and state protected rights. The conduct employed and used by these Defendant officers shocks the conscience and violated Plaintiffs' federal and state rights, because there is no evidence or truth to the statements that Plaintiffs are drug dealers, or operating Five Star as a front for drug dealing, or that Five Star, William and/or Patrick are dishonest and the public should not do business and stay away. Defendants' behaviors, joint and several, were at minimum negligent or reckless, and certainly unreasonable.
30. The conduct of Defendants resulted in injury to Plaintiffs.
31. None of the Defendants took reasonable steps to protect Plaintiffs from the objectively unreasonable defamation and interference with business pursuits. Defendants are each jointly and severally liable for the injuries and damages resulting from their objectively unreasonable, reckless, negligent and conscience shocking behaviors.
32. Defendants engaged in the conduct described by this Complaint willfully and in reckless disregard of Plaintiffs' federally and state protected constitutional rights.
33. They did so with shocking and willful indifference to Plaintiffs' liberty, property and rights, and their conscious awareness that they would cause Plaintiffs damages.
34. The acts or omissions of all Defendants were moving forces behind Plaintiffs' damages.

Exhibit 3 to Affidavit of John J. Wall, III

35. All Defendants acted in concert and joint action with each other.
36. The acts or omissions of Defendants as described herein, deprived Plaintiffs of their constitutional rights and caused damages.
37. These Defendants are not entitled to qualified immunity for the complained of conduct.
38. Defendants to this claim at all times relevant hereto were acting pursuant to municipal custom, policy, decision, ordinance, regulation, widespread habit, usage, or practice in their actions pertaining to Plaintiffs.
39. As a proximate result of Defendants' wrongful conduct, Plaintiffs suffered actual injuries, and other damages and losses, entitling them to compensatory and special damages, in amounts to be determined at trial.
40. On information and belief, Plaintiffs may suffer lost earnings and impaired earnings capacities from the not yet fully ascertained sequelae of events, in amounts to be determined at trial. Plaintiffs are further entitled to attorneys' fees and costs pursuant to 42 U.S.C. §1988, pre-judgment interest and costs as allowable by federal and state law.
41. In addition to compensatory, economic, consequential and special damages, Plaintiffs are entitled to punitive damages against each of the individually named Defendants under 42 U.S.C. § 1983, in that the actions of each of these individual Defendants were taken maliciously, willfully or with a reckless or wanton disregard of the constitutional rights of Plaintiffs.

### COUNT II—5 M.R.S.A. 4682 MAINE CIVIL RIGHTS ACT VIOLATION v. ALL DEFENDANTS

42. Plaintiffs incorporate herein by this reference hereto each and every allegation and claims contained in the above paragraphs of this Complaint as if fully set forth herein.
43. The customs or policies of the City of Biddeford comprise the cause of and the moving force behind the constitutional violations chronicled in this Complaint.
44. At all relevant times, Defendant Beauppre was acting as Chief of Police of the City of Biddeford Police Department.
45. At all relevant times, on information and belief, Defendant Beauppre, as a policymaker for the City of Biddeford, adopted a custom or policy abdicating any appropriate level of supervision and/or discipline of Defendants Parker and Cloutier.

Exhibit 3 to Affidavit of John J. Wall, III

46. At all relevant times, on information and belief, Defendant Beauppre, as a policymaker for the City of Biddeford, adopted a custom or policy of permitting his officers to defame and harm citizens and businesses.

47. This approach of unjustified, unwarranted and limitless discretion by his officers and officials amounts to an unconstitutional custom or policy.

48. It was or should have been eminently foreseeable to Defendant Beauppre that allowing his officers and officials to treat citizens and businesses in the manner in which Plaintiffs were treated would inevitably result in the injury to and violation of citizens' rights of Plaintiffs.

49. Defendants are liable to Plaintiffs in an amount to be determined together with punitive damages, attorney's fees and costs, and such other and further relief as this Honorable Court deems just and proper.

### COUNT III – DEFAMATION AND SLANDER v. ALL DEFENDANTS

50. Plaintiffs incorporate by reference each of the allegations contained in the proceeding paragraphs of this Complaint as if fully set forth herein.

51. Defendants' publications falsely and inaccurately accusing Plaintiffs of crimes and of being dishonest in the car business were and are false, injurious and defamatory, were published to third parties without privilege, conditional or otherwise, were made recklessly and maliciously, or at least negligently, and harmed Plaintiffs both personally and professionally.

52. The false and defamatory statements made by Defendants were intended to injure professional or business reputations.

53. The statements made by Defendants, on their face and without proof or explanation, label Plaintiffs as criminals and injure Plaintiffs in their business and occupation and constitute defamation per se.

54. Defendants acted with malice or the facts and circumstances are such that malice may be implied. The conduct of Defendants shocks the conscious and the behaviors are unacceptable for a civilized community.

55. As a consequence of Defendants' wrongful conduct, Plaintiffs have been harmed in an amount to be determined, together with interest, costs and punitive damages if appropriate.

### COUNT IV—FALSE LIGHT v. ALL DEFENDANTS

Exhibit 3 to Affidavit of John J. Wall, III

56. Plaintiffs incorporate by reference each of the allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.
57. Defendants, who knowingly and recklessly published the aforesaid defamation about the Plaintiffs, invaded the Plaintiffs' privacies and placed Plaintiffs before the public in false light which would be highly offensive to a reasonable person.
58. Defendants published the aforesaid statements about Plaintiffs either knowing of, or with reckless disregard to their falsity and the false light in which the Plaintiffs would be cast and placed.
59. Defendants acted with malice or malice may be implied and the Defendants' conduct shocks the conscious and is unacceptable for a civilized community.
60. Defendants' conduct was reckless and malicious and harmed the Plaintiffs personally and professionally and resulted in damages in an amount to be determined, together with interest, costs and punitive damages if appropriate.

<u>COUNT V—INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS v. ALL DEFENDANTS</u>

61. Plaintiffs incorporate herein by this reference each and every allegation and claim contained in the above paragraphs of this complaint has if fully set forth herein.
62. Defendants, by their conduct, collectively and individually, intentionally or recklessly, inflicted severe emotional distress or their conduct was substantially certain to inflict severe emotional distress on Plaintiff.
63. Defendants' conduct, collectively and individually, was and is intended or calculated to improperly harm Plaintiffs and inflict severe emotional distress on Plaintiffs.
64. Defendants intentionally, recklessly and/or wrongfully inflicted severe emotional distress on Plaintiffs when Defendants intentionally and improperly and without regard to Plaintiffs', defamed and injured Plaintiffs.
65. Defendants intentionally, recklessly, and/or wrongfully inflicted severe emotional distress on Plaintiffs when Defendants, while acting under the color of law and authority as police, intentionally, improperly defamed and injured Plaintiffs.
66. Defendants' conduct, collectively and individually, is extreme and/or outrageous, exceed the boundaries of decency and is atrocious, intolerable and unacceptable for a civilized community.

Exhibit 3 to Affidavit of John J. Wall, III

67. Defendants' conduct collectively and individually, caused and continues to cause severe emotional distress to Plaintiffs, emotional distress so severe that no reasonable person should be expected to endure it.
68. It was or should have been foreseeable that the occurrence of emotional distress to Plaintiffs would result from Defendants' conduct.
69. Defendants owed duties of care not to harm Plaintiffs and not to cause Plaintiffs emotional distress.
70. Defendants' wrongful conduct is the direct and proximate cause of injury and damages to Plaintiffs. Plaintiffs experienced and continues to experience physical manifestations of severe emotional distress, including anxiety, irritability, sleep disturbances, fear, headaches, nausea, gastrointestinal pain and problems, palpitations, changes in eating patterns, depression, worrying and mood swings.
71. Defendants are liable to Plaintiffs in an amount to be determined, together with past and future medical expenses, punitive damages, interests and costs.

## COUNT VI—NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS v. ALL DEFENDANTS

72. Plaintiffs incorporate herein by this reference each and every allegation and claims contained in the above paragraphs of this complaint as if fully set forth herein.
73. Defendants owed duties, collectively and individually, not to harm Plaintiffs. Defendants, by their improper conduct, collectively and individually, inflicted severe emotional distress on Plaintiffs.
74. Defendants breached their duty to Plaintiffs when they intentionally, improperly, continuously, and/or negligently, and without regard of Plaintiffs defamed and injured Plaintiffs.
75. Defendants intentionally, recklessly, negligently, and/or wrongfully inflicted severe emotional distress on Plaintiffs when Defendants defamed and injured Plaintiffs.
76. Defendants' conduct, collectively and individually, harmed Plaintiffs and/or the harm to Plaintiffs was a reasonably foreseeable consequence of Defendants' conduct.
77. Defendants, collectively and individually, negligently caused Plaintiffs to experience and suffer emotional distress and/or emotional distress to Plaintiffs was a foreseeable consequence of Defendants' conduct.

Exhibit 3 to Affidavit of John J. Wall, III

78. Plaintiffs were severely, emotionally distressed by Defendants' actions.
79. The emotional distress caused to Plaintiffs was and is severe and no reasonable person should be expected to endure it.
80. Defendants' wrongful conduct is the direct and proximate cause of injury and damage to Plaintiffs. Plaintiffs experienced and continue to experience physical manifestations of severe emotional distress, including anxiety, irritability, sleep disturbances, fear, headaches, nausea, gastrointestinal pain and problems, palpitations, changes in eating patterns, depression, worrying and mood swings, as well as injury to his feet and nerve damage.
81. Defendants are liable to Plaintiffs in an amount to be determined, together with past and future mental health treatment expenses, punitive damages, interest and costs.

## COUNT VII—42 U.S.C. 1983 SUPERVISORY VIOLATION v. ALL DEFENDANTS AND CHIEF OF POLICE BEAUPPRE AND BIDDEFORD POLICE DEPARTMENT

82. Plaintiffs incorporates herein by this reference each and every allegation and claims contained in the above paragraphs of this complaint as if fully set forth herein.
83. Plaintiffs notified Defendant City of Biddeford, Biddeford Police Department and Defendant Beauppre that Defendants Parker and Cloutier were acting improperly and violating Plaintiffs' Constitutional rights.
84. Plaintiffs, specifically, notified Defendant Beauppre, Defendant Police Department and Defendant City of Biddeford, of the events of defamation and interference.
85. Said Defendants were aware or should have been aware of the harm Plaintiffs faced from all Defendants' actions.
86. All Defendants failed to protect the rights and privileges and immunities of Plaintiffs.
87. Due to all Defendants' actions, Plaintiffs were wrongfully injured.
88. Defendants City of Biddeford, Biddeford Police Department and Defendant Beauppre had duties to intervene on behalf of Plaintiffs when their Constitutional rights were being violated by Defendants.
89. Upon information and belief, said Defendants took no steps to protect Plaintiffs' rights that were being violated by all Defendants.

Exhibit 3 to Affidavit of John J. Wall, III

90. Upon information and belief, said Defendants failed to take reasonable steps to supervise or discipline all individual Defendants or to minimize the risk of harm to Plaintiffs.
91. Said Defendants' conduct or inaction in supervising and/or disciplining the individual Defendants amounts to either deliberate, reckless or callous indifference to the constitutional rights of others, including Plaintiffs.
92. On information and belief, said Defendants failed to promulgate appropriate policies with regard to the infringed rights of the Plaintiffs.
93. An affirmative link exists between the constitutional violations perpetrated by all Defendants and specifically Defendants Beauppre, City of Biddeford and Biddeford Police Department's failure to properly supervise and/or discipline and/or intervene.
94. All Defendants' actions displayed a reckless or callous disregard of, or indifference to, the rights of Plaintiffs.
95. All Defendants are liable to Plaintiffs in an amount to be determined, together with punitive damages, attorney's fees and costs pursuant to 42 U.S.C. 1983, and such other and further relief as this Honorable Court deems just and proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs William Donahue, Patrick Donahue and WJDEND, LLC d/b/a Five Star Auto Sales respectfully request relief against each and every Defendant, jointly and severally, as follows:

1) With respect to Count I, that the Court enter judgment for Plaintiffs in an amount to be determined, together with interest, costs, punitive damages and attorney's fees;
2) With respect to Count II, that the Court enter judgment for Plaintiffs in an amount to be determined, together with interest, costs, punitive damages and attorneys' fees;
3) With respect to Count III, that the Court enter judgment for Plaintiffs in an amount to be determined, together with interest, costs, punitive damages and attorneys' fees;
4) With respect to Count IV, that the Court enter judgment for Plaintiffs in an amount to be determined, together with interest, costs, punitive damages and attorneys' fees;

Exhibit 3 to Affidavit of John J. Wall, III

5) With respect to Count V, that the Court enter judgment for Plaintiffs in an amount to be determined, together with interest, costs, punitive damages and attorneys' fees;

6) With respect to Count VI, that the Court enter judgment for Plaintiffs in an amount to be determined, together with interest, costs, punitive damages and attorneys' fees;

7) With respect to Count VII, that the Court enter judgment for Plaintiffs in an amount to be determined, together with interest, costs, punitive damages and attorneys' fees;

8) For costs of suit; and interest; and punitive damages; and injunctive remedies;

9) For reasonable attorneys' fees pursuant to 42 U.S.C. 1988; and

10) Any such further legal and equitable relief as the Court may deem just and proper.

**PLAINTIFFS REQUEST TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

DATED at South Portland, Maine on this 14 day of October 2020.

Respectfully Submitted,
William Donahue
Patrick Donahue
WJDEND, LLC,
By counsel,

Jeffrey Bennett, Esq. #7223

Legal-Ease, LLC, P.A.
198 Maine Mall Rd. (Box #15)
South Portland, Maine 04106
T: (207) 805-0055
F: (207) 805-0099